UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSHUA CONVERSE,<br>      Petitioner,<br><br>v.<br><br>COMMONWEALTH OF<br>MASSACHUSETTS<br>      Respondent. | Civil Action No. 11-cv-11784-JLT |

REPORT AND RECOMMENDATION

March 1, 2012

SOROKIN, M.J.

The Petitioner, Joshua Converse, is a federal prisoner proceeding pro se. Converse seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging violations of Article III of the Interstate Agreement on Detainers ("IAD") and his right to a speedy trial under Massachusetts Rule of Criminal Procedure 36(d)(2). The Commonwealth of Massachusetts ("Commonwealth") seeks dismissal of the Petition. Because I find this Court lacks subject matter jurisdiction over Converse's Petition, I RECOMMEND that the Court DENY Converse's Petition (Docket No. 1) and ALLOW the Commonwealth's Motion to Dismiss (Docket No. 6).

**I. BACKGROUND**

Factual Background

On January 31, 2008, Converse was charged in Gloucester District Court with forgery of a check, larceny by check over $250, and uttering a false check (Docket No. 6, Ex. D). On March 5, 2008, Converse was indicted by a federal grand jury in the Eastern District of Virginia for crimes committed in Virginia, New Hampshire, Vermont, and Massachusetts, including

counts of bank fraud and aggravated identity theft. (Id., Ex. D). Converse was arrested pursuant to the indictment, and was held in the Worcester House of Correction until he was released to the United States Marshals on April 3, 2008. (Id.). On June 13, 2008, Converse was convicted in federal court, and on September 16, 2008, he was sentenced to a five-year term in federal prison.[1] (Id.). He is currently carrying out this sentence in Allentown, Pennsylvania. (Docket No. 1 at 5). The charges against him in Gloucester District Court have not been dismissed. (Docket No. 6, Ex. C).

Procedural History

On April 12, 2010, Converse brought a Petition for Habeas Corpus in the Supreme Judicial Court for Suffolk County. (Docket No. 6, Ex. A). He claimed that the counts against him in Gloucester District Court were superceded by the federal case, and requested that the court either dismiss the charges against him or bring him to Massachusetts to immediately stand trial. (Id., Ex. D). Converse also alleged violations of the IAD and his right to a speedy trial under Massachusetts law. (Id.; see Mass. R. Crim. P. 36(d)(3); 18 U.S.C. App. § 2). Justice Spina denied the Petition. (Id., Ex. A). On July 21, 2010, Converse filed papers that the Supreme Judicial Court construed as a Motion for Reconsideration, which was also denied. (Id.).

On March 10, 2011, Converse filed a second Petition for Habeas Corpus in the Supreme Judicial Court for Suffolk County. (Docket No. 6, Ex. B). He again alleged that the failure of the Gloucester District Court to bring him to trial violated his right to a speedy trial under

---

[1] The length of Converse's sentence is disputed. Converse alleges that his sentence is five years, while the Commonwealth alleges that his sentence is thirty-six months.

2

Massachusetts law, and violated Article III of the IAD. (Id., Ex. D). Converse sought dismissal of the charges pending against him. (Id.). Justice Spina again denied Converse's Petition. Commonwealth v. Converse, No. SJ-2011-0109 (Mass. Sept. 15, 2011) (Spina, J.).

Converse filed his Petition in this Court on October 6, 2011, seeking dismissal of the charges pending against him in Gloucester District Court. (Docket No. 1). On November 7, 2011, the Commonwealth filed a Motion to Dismiss. (Docket No. 6). Petitioner subsequently filed additional motions, which this Court construes as Motions for Summary Judgment. (Docket Nos. 11, 12, 14).

## II. Discussion

This Court has "an unflagging duty to ensure that it has jurisdiction over the subject matter of the cases it proposes to adjudicate . . . ." Toglan v. Marriot Intern., Inc., No. 10-10954-MLW, 2011 WL 3625270, at *1 (D. Mass. Aug.15, 2011) (Wolf, C.J.) (quoting Am. Policyholders Ins. Co. v. Nyacol Prods., Inc., 989 F.2d 1256, 1258 (1st Cir. 1993)). This duty applies absent objection by any party, and requires that the Court "proceed no further if such jurisdiction is wanting." White v. Gittens, 121 F.3d 803, 806 (1st Cir. 1997) (quoting In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988)).

The federal courts have subject matter jurisdiction of petitions for writs of habeas corpus pursuant to 28 U.S.C. §§ 2241, 2254, and 2255. Section 2254 is entitled "State Custody; Remedies in Federal Court," and provides: "[A] district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2255 governs habeas claims for prisoners in

3

federal custody. Id. § 2255. This section provides that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." Id. § 2255(a). Finally, § 2241 allows a prisoner to challenge the execution of a sentence, and permits a prisoner to bring a pretrial habeas petition. Id. § 2241. This section "empowers a district court to issue a habeas writ before a judgment is rendered in a criminal proceeding," Higgins v. R.I., No. 98-1040, 1998 WL 1085812, at *1 (D. Mass. Oct. 9, 1998) (citing 28 U.S.C. § 2241), and permits a prisoner incarcerated in one jurisdiction to challenge proceedings against him in a second jurisdiction, Braden v. 30th Jud. Cir. Ct. of Ky, 410 U.S. 484, 488-89 (1973). This provision requires that the petitioner be "in custody." 28 U.S.C. § 2241(c)(1). The custody requirement is met if the second jurisdiction has filed a detainer with the incarcerating jurisdiction. See Braden, 410 U.S. at 488-89 (holding that a prisoner incarcerated in Alabama and serving an Alabama sentence, and under indictment in Kentucky, was "in custody" pursuant to a Kentucky detainer, and could file habeas petition seeking to enforce his right to a speedy trial in Kentucky); see also Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (noting that a habeas petitioner must be "in custody" under the conviction or sentence under attack at the time his petition is filed). In short, the custody requirement is jurisdictional– the petitioner must be in the custody, either pursuant to a detainer or otherwise, of the jurisdiction against whom he lodges his habeas complaint. See Braden, 410 U.S. at 488-89.

Converse seeks relief pursuant to 28 U.S.C. § 2254. However, Converse is not "a person

4

in custody pursuant to the judgment of a State court," as required by this section. 28 U.S.C. § 2254(a). Rather, he is in custody pursuant to the judgment of a federal court. (Docket No. 1 at 5; Docket No. 7 at 1). Moreover, Converse is not challenging his federal sentence, nor does he seek to have this sentence "vacate[d], set aside or correct[ed]. . . ." 28 U.S.C. § 2255(a). Instead, he challenges unrelated charges pending against him in state court. (Docket No. 1 at 5). The relief afforded by § 2255 is therefore unavailable to Converse. Finally, there is no evidence in the record to suggest that Massachusetts has filed a detainer against Converse. (See Docket No. 1 (failing to allege that a detainer has been filed); Converse, No. SJ-2011–0109 (Spina, J.) (finding that no detainer had been filed as of Sept. 15, 2011)). Accordingly, Converse is not "in custody" in Massachusetts for purposes of § 2241, and is thus barred from bringing a habeas petition challenging the charges pending against him in that state. See Braden, 410 U.S. at 488-89. In sum, there is no provision that affords Converse the right to bring this Petition in federal court.

Moreover, Converse failed to exhaust his claim in state court, as he did not appeal from the judgment of the Single Justice of the Supreme Judicial Court, as Massachusetts law permits. See Mass. Gen. Laws ch. 231 § 114 ("A party aggrieved by a final judgment of the single justice of the Supreme Judicial Court may appeal therefrom to the full court of the Supreme Judicial Court."). A prisoner must exhaust his claims in state court before bringing a habeas petition in federal court. Rose v. Lundy, 455 U.S. 509, 518-19 (1982); Josselyn v. Dennehy, 475 F.3d 1, 2 (1st Cir. 2007) (requiring that the state court have first "opportunity to pass upon and correct alleged violations of prisoners"). This Court therefore lacks subject matter jurisdiction over

5

Converse's claim in this regard as well.[2]

## III. CONCLUSION

Because I find that this Court lacks subject matter jurisdiction over Converse's Petition, I RECOMMEND that the Court DENY Converse's Petition (Docket No. 1) and ALLOW the Commonwealth's Motion to Dismiss (Docket No. 6). For the same reason, I RECOMMEND that the Court DENY Converse's subsequent Motions (Docket Nos. 11, 12, 14).

SO ORDERED.

  /s / Leo T. Sorokin
UNITED STATES MAGISTRATE JUDGE

---

[2] Even assuming this Court had subject matter jurisdiction over Converse's Petition, his claim as it pertains to the IAD would fail on the merits. The IAD has not been triggered, as there is no evidence that Massachusetts has filed a detainer against Converse, and there is no evidence that Converse has complied with the specific procedures set forth in Article III of the IAD that permit a prisoner to give notice and request a speedy disposition. See Converse, No. SJ-2011-0109 (citing Commonwealth v. Copson, 444 Mass. 609, 612 (2005) (finding specific requirements for prisoner to initiate Article III procedures)). Second, to the extent that Converse claims a violation of his Sixth Amendment right to a speedy trial, this claim must also fail. Requiring the state court to dismiss criminal charges against Converse would go against the "fundamental policy against federal interference with state criminal prosecutions." Younger v. Harris, 401 U.S. 37, 46 (1971). This fundamental consideration has "led federal courts to abstain from interfering with state court proceedings even where defendants claim violations of important federal rights." In re Justices of Super. Ct. Dept' of Mass. Trial Ct., 218 F.3d 11, 17 (1st Cir. 2000). While pretrial habeas petitions "have been permitted when the requested relief is an immediate trial," habeas petitions that request "dismissal of the charges against [the petitioner] . . . must await the conclusion of state proceedings." Id. at 18 n. 5. Because Converse seeks dismissal of the state charges against him, this Court cannot currently entertain his Sixth Amendment claim.